# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2009

Charles R. Fulbruge III
Clerk

No. 09-40610
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCEL DELON GOODMAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-144-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marcel Delon Goodman appeals the 51-month sentence imposed pursuant to his guilty plea conviction for transporting an undocumented alien in the United States. Goodman argues that the district court clearly erred in applying the reckless endangerment enhancement, pursuant to U.S.S.G. § 2L1.1(b)(6), because he had not placed the transported aliens at a substantial risk of death

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or serious bodily injury. He argues that there were no aggravating factors involved in transporting the aliens that warranted the enhancement.

A defendant's offense level may be increased to 18 if the offense involved the defendant intentionally and recklessly creating a substantia risk of death or harm to another person. § 2L1.1(b)(6). Although there is no single bright-line test for determining the applicability of this adjustment, this court has provided a non-exhaustive list of five factors to consider when applying this adjustment: "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs." *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006).

Generally, carrying passengers in the cargo area of a sports utility vehicle (SUV) would not justify a reckless endangerment enhancement, *see id.* at 889, however, the district court found a number of aggravating factors to support the enhancement in Goodman's case. Based on the sworn statements of the aliens and the photographs introduced into evidence, the district court found the following relevant factors: insufficient oxygen, extreme temperatures, the aliens's inability to communicate with the driver, and their inability to extricate themselves quickly from the cargo area. Although Goodman disagreed with the statements of the aliens, the district court's findings were plausible in light of the record presented. *Cf. United States v. Angeles-Mendoza*, 407 F.3d 742, 750 (5th Cir. 2005).

In light of the evidence presented, the district court did not clearly err in determining that the four aliens who were "crammed" on their sides on the floor of the cargo area of a SUV vehicle, underneath a blanket and other objects, were placed at a substantial risk of harm that justified the enhancement for reckless endangerment. The sentence is AFFIRMED.